## JOHN OLDENBERG v. ERNST MILLER.

*Gift—Promissory note—Mortgage—Discharge.*

At the request of a wife a note and mortgage given to secure a loan of *her* money were executed to her husband, as a gift. The wife of the mortgagor had signed her maiden name to the mortgage, and to correct this mistake a new *mortgage* was taken, of even date with the first one, and for the same amount, which was properly signed by the wife of the mortgagor, whereupon the husband discharged the first mortgage. The husband held possession of the note during the life-time of his wife, although it was deposited in the same place where she kept her securities, and after her death her executor took possession of the note and the *new* mortgage, claiming that they were the property of the wife. And it is held that, upon this state of facts (which were found by the jury), the plaintiff was entitled to recover the value of the note, which was not extinguished by the discharge of the *first* mortgage for the purpose stated.

Error to St. Joseph. (Loveridge, J.) Argued October 8, 1890. Decided October 31, 1890.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*David Knox, Jr.,* and *William G. Howard,* for appellant, contended:

1. The assumption of ownership of the note by the wife by receiving and collecting the interest thereon from year to year, and placing it in the hands of a trustee, and receiving it back, as her own property, which she did, negatives the theory of a gift, and as a matter of law defeats plaintiff's right of recovery; citing *Jones v. Tyler,* 6 Mich. 368; *Penniman v. Perce,* 9 Id. 509; *White v. Zane,* 10 Id. 333; *Leland v. Whitaker,* 23 Id. 324; *Love v. Francis,* 63 Id. 190.

2. Plaintiff's discharge of the mortgage extinguished the debt, so far as it was represented by the note in suit. Otherwise, Herring became liable to pay $1,600, instead of $800, one debt represented by the note and the other by the new mortgage; citing *People v. Swetland,* 77 Mich. 53.

*O. F. Bean,* for plaintiff, contended:

1. In support of the proposition that a gift, when perfected by delivery, is an executed contract, and vests the property in the donee, counsel cited *Beardslee v. Reeves,* 76 Mich. 661; *Allen v. Cowan,* 23 N. Y. 502; *Bedell v. Carll,* 33 Id. 581; and open, visible, and continued change of possession can hardly be required to establish the fact of a gift from a wife to her husband when they are living together; citing *Davis v. Zimmerman,* 40 Mich. 24; *Love v. Francis,* 63 Id. 182.

2. The discharge of the mortgage, under the circumstances, and the execution of the new one, did not extinguish the debt represented by the note, nor would there be two valid outstanding liabilities against the mortgagor; citing *Bank v. Burrows,* 34 Mich. 163; *Burtnett v. Bank,* 38 Id. 630; *Davis v. Bank,* 53 Id. 165.

MORSE, J. The plaintiff is the husband of Caroline Oldenberg, deceased. The defendant is her executor.

The property in controversy is a note for $800, executed April 10, 1883, by Christian Herring to John Oldenberg, and at that date secured by a mortgage running to him, and signed by Herring and his wife, Mary, who signed her maiden name thereto, Mary Miller. The

money loaned belonged to Caroline Oldenberg, but the plaintiff claims that the note and mortgage were made to him at her request, as a gift. In this he is corroborated by the testimony of the conveyancer. This is denied by the defendant, who claims that the instruments were made payable to plaintiff through mistake. In this he is supported by the evidence of Herring and his wife.

In October, 1883, a new mortgage was made for the same sum, and dated the same as the old one, running to Caroline Oldenberg, · and plaintiff discharged the first mortgage of record. The new mortgage was signed by Christian Herring and Mary Herring. There is no satisfactory testimony that any new note was made. The plaintiff, who is a German and understands the English language but imperfectly, testifies that this change in the mortgage was made at the solicitation of F. L. Timm, for the purpose of having it signed by the proper name of Mary Herring instead of Mary Miller, as it appeared upon the old mortgage. Timm is a relative, and his wife a beneficiary under the will, of Caroline Oldenberg. Timm testified that the change was made to correct the mistake in the first mortgage, which should have run to Caroline instead of John Oldenberg.

The plaintiff further claims that he had the possession of the note during the life-time of his wife, although he kept it in the same place, most of the time, where his wife kept her securities; that, on the day of his wife's death, Timm and the executor came and said they must take possession of all the securities and property, and he thereupon handed them all the papers in his wife's note-book, among which were this note and mortgage. The executor told him that he must take this note, because other parties said "there was an estate there." He did not know until after his wife's death that the new mortgage was running to his wife. Was told by Timm at the

time it was made that it was all right and in his name. This Timm denies.

The defendant claimed that there was never any gift of the note to plaintiff; that he never had possession of it except for his wife, and that she received all the interest upon it while living; that plaintiff did not claim the note when the executor took it and the other notes away; and that, when his attention was called to the note being payable to him, plaintiff said it was a mistake; the note belonged to his wife.

The plaintiff sued defendant in trover for the conversion of the note, and recovered in the circuit court for the county of St. Joseph.

It is alleged that the note was improperly introduced in evidence, objection being made thereto, as there was no competent testimony tending to show a gift of the note to plaintiff, and that the plaintiff's discharge of the first mortgage extinguished the debt evidenced by the note. If the plaintiff's claim was correct as to the facts of the case, he was entitled to recover. It was a pure question of fact, and was properly submitted to the jury, and there was sufficient competent evidence, if believed by the jury, to support his claim.

Under the plaintiff's theory of the reason why the change was made in the substitution of the new mortgage for the old one, to wit, simply to correct the mistake made by Mary Herring in signing her maiden instead of her marital name, the debt was not extinguished, and the note, which was the evidence of the debt, remained the same and as good as before the change was made; and the payment of the note would be a payment of the new mortgage, which was only an incident and security to it.

We find no error in the judgment, and it is affirmed, with costs.

The other Justices concurred.